```
                                    F I L E D
                              CLERK, U.S. DISTRICT COURT

                                    06/14/2023

                              CENTRAL DISTRICT OF CALIFORNIA
                              BY: _____DVE_____ DEPUTY
```

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

March 2023 Grand Jury

| UNITED STATES OF AMERICA, | No. 8:23-cr-00083-VAP |
|---|---|
| Plaintiff, | I N D I C T M E N T |
| v. | [18 U.S.C. §§ 2252A(a)(2)(A), (b)(1): Distribution and Receipt of Child Pornography; 18 U.S.C. §§ 2251(d)(1)(A), (e): Seeking to Receive and Exchange Child Pornography; 18 U.S.C. §§ 2252A(a)(5)(B), (b)(2): Possession of Child Pornography; 18 U.S.C. § 2253: Criminal Forfeiture] |
| JOSEPH ROBERT TARTAMELLA, | |
| Defendant. | |

The Grand Jury charges:

COUNTS ONE THROUGH FOUR

[18 U.S.C. §§ 2252A(a)(2)(A), (b)(1)]

On or about the following dates, in Orange County, within the Central District of California, defendant JOSEPH ROBERT TARTAMELLA knowingly distributed videos of child pornography, as defined in Title 18, United States Code, Section 2256(8)(A), using a means and facility of interstate and foreign commerce, namely, a cellular

telephone and the Internet, and which videos had been shipped and transported in and affecting interstate and foreign commerce by any means, including by computer and cellular telephone, knowing that the videos were child pornography.

The child pornography that defendant TARTAMELLA knowingly distributed consisted of the following:

COUNT ONE:  On or about August 21, 2021, a video titled "57018303-98ca-4360-b41d-fc73791845e2.mp4."

COUNT TWO:  On or about August 22, 2021, a video titled "c91edcec-e9f4-4a80-9a80-189f6a85b435.mp4."

COUNT THREE:  On or about August 25, 2021, a video titled "bd1a1c94-1336-4929-9069-c8e57ff0371f.mp4"

COUNT FOUR:  On or about August 30, 2021, a video titled "14271c25-4348-4755-8505-c3376532c81d.mp4."

COUNT FIVE

[18 U.S.C. §§ 2252A(a)(2)(A), (b)(1)]

On or about August 25, 2021, in Orange County, within the Central District of California, defendant JOSEPH ROBERT TARTAMELLA knowingly received a video of child pornography, as defined in Title 18, United States Code, Section 2256(8)(A), using a means and facility of interstate and foreign commerce, namely, a cellular telephone and the Internet, and which video had been shipped and transported in and affecting interstate and foreign commerce by any means, including by computer and cellular telephone, knowing that the video was child pornography.

The child pornography that defendant TARTAMELLA knowingly received consisted of a video titled "c855296e-7a97-4f66-aa45-a33bcf0ecc25.mp4."

COUNTS SIX THROUGH NINE

[18 U.S.C. §§ 2251(d)(1)(A), (e)]

On or about the following dates, in Orange County, within the Central District of California, defendant JOSEPH ROBERT TARTAMELLA knowingly made a notice seeking to receive and exchange one or more visual depictions of a minor engaging in sexually explicit conduct, the production of which involved the use of a minor engaging in sexually explicit conduct, as defined in Title 18, United States Code, Section 2256(2)(A), using a means and facility of interstate and foreign commerce, namely, a cellular telephone and the Internet:

| **COUNT:** | **DATE:** |
|---|---|
| SIX | August 21, 2021 |
| SEVEN | August 25, 2021 |
| EIGHT | August 29, 2021 |
| NINE | August 30, 2021 |

COUNT TEN

[18 U.S.C. §§ 2252A(a)(5)(B), (b)(2)]

On or about October 7, 2022, in Orange County, within the Central District of California, defendant JOSEPH ROBERT TARTAMELLA knowingly possessed a Samsung cellular phone, model SM-S215DL, with IMEI 354235111756114, that contained at least three videos of child pornography, as defined in Title 18, United States Code, Section 2256(8)(A), which videos involved prepubescent minors and minors who had not attained 12 years of age, that had been transported using any means and facility of interstate and foreign commerce and in and affecting interstate and foreign commerce by any means, including by computer, knowing that the videos were child pornography.

The child pornography that defendant TARTAMELLA knowingly possessed consisted of the following:

1. A video titled "1568af2e-5d72-431a-b199-f7291de57d67.mp4";
2. A video titled "474659f3-bd3c-4724-876f-d75c28b1a03d.mp4"; and
3. A video titled "91ffece5-f40a-40f8-a43c-246b0c3a1e48.mp4."

FORFEITURE ALLEGATION

[18 U.S.C. § 2253]

1.  Pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure, notice is hereby given that the United States of America will seek forfeiture as part of any sentence, pursuant to Title 18, United States Code, Section 2253, in the event of the defendant's conviction of the offenses set forth in any of Counts One through Ten of this Indictment.

2.  The defendant, if so convicted, shall forfeit to the United States of America the following property:

(a)  All right, title, and interest in any visual depiction involved in any such offense, or any book, magazine, periodical, film videotape, or other matter which contains any such visual depiction, which was produced, transported, mailed, shipped or received and involved in any such offense;

(b)  All right, title, and interest in any property, real or personal, constituting or traceable to gross profits or other proceeds obtained from such offense;

(c)  All right, title, and interest in any property, real or personal, used or intended to be used to commit or to promote the commission of such offense or any property traceable to such property; and

(d)  To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraphs (a), (b), and (c).

3.  Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 2253(b), the defendant, if so convicted, shall forfeit substitute property, up to

the total value of the property described in the preceding paragraph if, as the result of any act or omission of the defendant, the property described in the preceding paragraph, or any portion thereof: (a) cannot be located upon the exercise of due diligence; (b) has been transferred, sold to or deposited with a third party; (c) has been placed beyond the jurisdiction of the court; (d) has been substantially diminished in value; or (e) has been commingled with other property that cannot be divided without difficulty.

A TRUE BILL

/s/
Foreperson

E. MARTIN ESTRADA
United States Attorney

MACK E. JENKINS
Assistant United States Attorney
Chief, Criminal Division

BENJAMIN R. BARRON
Assistant United States Attorney
Chief, Santa Ana Branch Office

BRADLEY E. MARRETT
Assistant United States Attorney
Deputy Chief, Santa Ana Branch Office

MELISSA S. RABBANI
Assistant United States Attorney
Santa Ana Branch Office